UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DON D. PENNER,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00039-JLT<br><br>FINDINGS AND RECOMMENDATIONS SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on January 13, 2014. (Doc. 1). For the following reasons, the Court recommends that the petition be summarily dismissed as frivolous.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v.

1

1  Vasquez, 908 F.2d 490 (9th cir. 1990).  Summary dismissal is appropriate only where the allegations in
2  the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v.
3  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) *(quoting* Blackkledge v. Allison, 431 U.S. 63, 75-76
4  (1977)).  Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate
5  the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v.
6  Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules
7  Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the Court may
8  dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
9  respondent's motion to dismiss, or after an answer to the petition has been filed.

10        Habeas corpus petitions must meet heightened pleading requirements.  McFarland v. Scott, 512
11  U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  The petitioner shall
12  set forth in summary form the facts supporting each of the grounds specified and shall state the relief
13  requested.  Rule 4 of the Rules Governing Section 2254 Cases.  As mentioned above, a petition may
14  be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to
15  warrant summary dismissal.  Blackledge, 431 U.S. at 78.  A claim is legally frivolous when it lacks an
16  arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
17  Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as
18  frivolous where it is based on an indisputably meritless legal theory or where the factual contentions
19  are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,
20  however, inartfully, pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885
21  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  The Advisory Committee Notes to Rule 8
22  indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under
23  Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been
24  filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d
25  1039 (9th Cir.2001).

26        In the instant case, Petitioner's claim should be denied as patently frivolous.  The gravamen of
27  the petition is that the trial judge, during a court hearing, mentioned that he had thrown defense
28  counsel "a curveball" when deciding where to seat Petitioner in relation to his trial counsel.  (Doc. 1,

p. 4; p. 10).   Petitioner notes that this phrase does not appear in Barron's Law Dictionary.  (Doc. 1, p. 4).  Petitioner also appears to believe that this phrase was intended to cast some kind of racial slur at Petitioner.  (Doc. 1, p. 5, 8).  However, the Court is unaware, and Petitioner does not cite, any authority for the proposition that throwing someone "a curveball" is a racial epithet.  To the contrary, it is common parlance for doing something unexpected.  In this context, the trial judge first told Petitioner to sit next to his counsel, but then told counsel he actually wanted Petitioner to sit where she was sitting and that she needed to move over one seat.  That is the clear context of the phrase's use by the trial judge.  Nothing in that context suggests in any way that the trial judge was referring to Petitioner by using the term "curveball," or, even if he had, that such a reference was intended to suggest any type of racial or ethnic slur o any slur at all. Petitioner apparently has no other objection to the state court proceedings that resulted in his conviction.

Accordingly, the Court concludes that Petitioner's contention is absurd on its face, frivolous, and utterly without any legal basis in federal constitutional law.  The Court has pending before it at this time many legitimate habeas petitions from state inmates who are raising colorable and arguable federal constitutional claims.  To further entertain Petitioner's patently frivolous contention would do a disservice both to the over-worked federal courts as well as to those petitioners who are forced to wait for decisions in their cases while the Court addresses meritless claims such as those raised in the instant petition.[1]

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be SUMMARILY DENIED because the claim/claims is/are frivolous.

This Findings and Recommendation is submitted to the United States District Court Judge

---

[1] The Court also notes that, even if the claim were not frivolous, Petitioner has failed to exhaust his claim by presenting it to the California Supreme Court as a federal constitutional claim, and, moreover, Petitioner has failed to name the proper respondent, thus depriving the Court of jurisdiction over the parties.

assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **January 16, 2014**                     **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE